IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE GARZA | § | |
| on behalf of himself individually, | § | |
| and ALL OTHERS SIMILARLY | § | |
| SITUATED | § | Civil Action No. |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | COLLECTIVE ACTION |
| | § | (JURY TRIAL) |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA INC., NABORS CORPORATE | § | |
| SERVICES INC., and | § | |
| NABORS INDUSTRIES INC. | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.      Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc., does not pay its Drillers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA).  Instead, Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc., pays its Drillers straight time, not time and a half for overtime hours worked.  Because these workers are employees under the FLSA, Guadalupe Garza, and the other Drillers are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

2.      Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc., have been repeatedly sued for denying overtime wages in violation of the Fair Labor Standards Act.

3. Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc, and Nabors Industries Inc.'s, conduct in continuing to violate the FLSA despite knowledge of the Act constitutes a willful violation.

4. Defendants Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc., have a policy, enforced at all of its locations throughout the United States, denying Plaintiff and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

5. Defendant Nabors Drilling Technologies USA Inc. is a foreign for profit corporation with locations throughout Texas. It may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. Defendant Nabors Corporate Services Inc. is a foreign for profit corporation with locations throughout Texas. It may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7. Defendant Nabors Industries Inc. is a foreign for profit corporation with locations throughout Texas. It may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

9.     At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

10.     To be clear, this complaint and the allegations contained herein are of the conduct of Defendants Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. who maintained a uniform pay policy denying overtime wages to its Drillers and paying them only straight time for hours worked above forty each week at all of its locations throughout the state of Texas and the United States.

11.     Defendants Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. employed Plaintiff and putative class members at its Flatonia, Texas location and other locations throughout the state of Texas and the United States.

12.     Defendants managed Plaintiff and putative class members throughout the course and scope of their employment.

13.     Putative class members are all similarly situated Drillers who were hired and worked at Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. and were paid straight time instead of time and a half for hours worked above forty (40) per week during the past three years.

JURISDICTION AND VENUE

14.     This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

15.     Venue is proper because defendant has locations in the Southern District of Texas and many of the relevant facts occurred there.

16.     Guadalupe Garza worked for Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. as a Driller. His written consent is attached.

17.     Plaintiff was hired and employed by Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. at their Flatonia, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

18.     The "FLSA Class Members" are all Drillers who were hired and employed by Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

FACTS

19.     Guadalupe Garza was an employee of Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. at their location in Flatonia, Texas.

20.     Guadalupe Garza was not an independent contractor.

21.     No exemption to the provisions of the FLSA excused defendant from its obligation under the FLSA to pay Guadalupe Garza time and a half for the hours worked past forty (40) each week while employed by defendant.

22.     Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Express Payroll paid Plaintiff Guadalupe Garza straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

23.     Guadalupe Garza was employed by Defendant as a Driller from April 2004 until February 2016.

24.     The work performed by Plaintiff was the primary type of work that the company provides for their respective customers.

25.     The work performed by Plaintiff was an essential part of the services provided for Defendants' Customers.

26.     Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. 's Drillers relied on Defendant for their work.

27.     Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. determined where its Drillers worked and how they performed their duties.

28.     Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. set Drillers' hours and requires them to report to work on time and leave at the end of their scheduled hours.

29.     Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc.'s Drillers at all locations work exclusively for Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

30.     Drillers are not permitted to hire other workers to perform their jobs for them.

31.     The Drillers do not employ staff, nor do they maintain independent places of business.

32.     Drillers employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work

the hours required by Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. each day.

33.　　The Drillers employed by Defendant cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc.

34.　　Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. pays Drillers in return for their labor.

35.　　Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. keeps records of the hours it instructed its Drillers to work. Defendant also keep records of the amount of pay plaintiff and putative class members receive. Plaintiff and putative class members were paid directly via weekly pay check.

36.　　Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked each week.

37.　　Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

### COLLECTIVE ACTION ALLEGATIONS

38.　　In addition to Guadalupe Garza, defendant employed approximately thirty Drillers at the location where Plaintiff worked and hundreds of driller throughout the United States. These Drillers worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies. The FLSA Class Members are similarly situated to Guadalupe Garza.

39.     The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All Drillers at Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. who were not paid an overtime rate for overtime hours worked each week in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

40.     By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. violated the FLSA.

41.     Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc..  owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

42.     Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.  Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

43.     Nabors Drilling Technologies USA Inc., Nabors Corporate Services Inc., and Nabors Industries Inc. owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

44.     Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

> Respectfully submitted:
>
> THE FOLEY LAW FIRM
> By: /s/ *Taft L. Foley II*
> Taft L. Foley, II
> Federal I.D. No. 2365112
> State Bar No. 24039890
> 3003 South Loop West, Suite 108
> Houston, Texas 77054
> Phone: (832) 778-8182
> Facsimile: (832) 778-8353
> Taft.Foley@thefoleylawfirm.com
>
> **ATTORNEYS FOR PLAINTIFFS**